NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEON RICHARDSON, | No. 16-16264 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01913-GMN-CWH |
| v. | |
| BERNIE MANCINO; HRHH GAMING SENIOR MEZZ, LLC, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted April 11, 2017**

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Leon Richardson appeals pro se from the district court's summary judgment

in his employment action alleging federal and state law claims.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Vasquez v. County of

Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004).  We may affirm on any basis

---

        *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

supported by the record. *Hell's Angels Motorcycle Corp. v. McKinley*, 360 F.3d 930, 933 (9th Cir. 2004). We affirm.

Summary judgment was properly granted on Richardson's Title VII and 42 U.S.C. § 1981 racial discrimination claims because Richardson failed to raise a genuine dispute of material fact as to whether similarly situated employees outside his protected class were treated more favorably, or whether his employer's legitimate, non-discriminatory reasons for its actions were pretextual. *See Vasquez*, 349 F.3d at 640-41 (setting forth prima facie case of discrimination and burden shifting requirements under Title VII); *see also Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103, 1105 (9th Cir. 2008) (same analysis for Title VII and § 1981 discrimination claims); *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996) (to avoid summary judgment, a plaintiff must "produce specific, substantial evidence of pretext" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Richardson's hostile work environment claim because Richardson failed to raise a genuine dispute of material fact as to whether defendants' alleged conduct was severe or pervasive enough to alter the conditions of his employment. *See Manatt v. Bank of Am.*, 339 F.3d 792, 798 (9th Cir. 2003) (elements of a § 1981 hostile work environment claim).

The district court properly granted summary judgment on Richardson's

16-16264

defamation claim because defendants established that the alleged defamatory statement was a privileged intra-corporate communication. *See Simpson v. Mars*, 929 P.2d 966, 968 (Nev. 1997) (recognizing the intra-corporate communications privilege); *Circus Circus Hotels, Inc. v. Witherspoon*, 657 P.2d 101, 105 (Nev. 1983) (communications among individuals with corresponding interests and duties are conditionally privileged).

We reject as without merit Richardson's contention that his due process rights were violated by the district court.

We do not consider arguments and allegations raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**